##### FOR THE

## COUNTIES OF SUFFOLK AND NANTUCKET, MARCH TERM 1846, AT BOSTON.

#### [CONTINUED FROM VOLUME X.]

PRESENT:

Hon. LEMUEL SHAW, CHIEF JUSTICE.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } JUSTICES.
Hon. SAMUEL HUBBARD,

---

## THE PORTLAND, SACO AND PORTSMOUTH RAIL ROAD COMPANY *vs.* JOHN GRAHAM.

When a statute prescribes the terms on which shares in the stock of a rail road company may be sold for the payment of assessments, and the shareholder be held to pay the balance if the shares are not sold for a sum sufficient to pay the assessments, those terms are conditions precedent, and, unless they are strictly complied with, the sale is illegal and the shareholder not chargeable.

A statute, incorporating a rail road company, provided that if any subscriber or stockholder should neglect to pay any assessment on his shares, the directors might order the treasurer to sell the shares at public auction, after giving a certain notice, to the highest bidder, and that the same should be transferred to the purchaser, and that such delinquent subscriber or stockholder should be held accountable to the company for the balance, if his shares should sell for less than the assessments due thereon, with the interest and costs of sale: G., a subscriber, neglected to pay assessments, and his shares were advertised for sale, by an auctioneer, without any reference, in the advertisement, to the order of the treasurer, and were bid off, at public auction, by T., for a sum less than the amount of

Portland, Saco and Portsmouth Rail Road Co. *v.* Graham.

the assessments: T. did not pay for the shares; the sale at auction was aban doned; and the shares were sold to others, at private sale, for the sum bid there-for by T.: The company afterwards brought an action against G. to recover the balance due on the assessments. *Held*, that the action could not be maintained.

THIS case was argued at the last March term, on a report of the trial thereof before *Wilde J.* The facts, so far as they relate to the points decided, sufficiently appear in the opin ion of the court.

*C. G. Loring & Dehon,* for the plaintiffs.

*Fletcher & Pope,* for the defendant.

SHAW, C. J. Many very important questions in regard to the organization of the plaintiff rail road company, the regularity of the assessments, the sufficiency of the notices, and the like, have been raised and very ably argued, which we have not found it necessary, for the reasons which will be obvious, to decide.

The action is brought to recover assessments of $100 each, on one hundred shares of the stock of the company; where-upon it is alleged that the defendant subscribed for the said hundred shares, and that twenty assessments of $5 were laid on each share, no part of which was paid by him. It further appears that the company did in fact sell the said hundred shares, as the shares of a delinquent stockholder, in the manner stated hereafter, for the sum of $70 each, making the sum of $7000; so that the actual claim of the plaintiff is for $3000, being the difference between the amount of assessments and the proceeds of the sale.

There are two sets of counts, founded on two distinct aspects of the plaintiffs' claim. In the first place, they claim as upon an open, executory contract, founded on an alleged special promise and undertaking by the defendant, by a subscription to an engagement to take and pay the assessments upon the said hundred shares, and alleging the non-payment as a breach. Supposing this to be a valid promise to the corporation, and upon a good consideration, (all which is contested,) still it would be a mutual promise, by the defendant to take and pay for the shares, and by the company to transfer

the shares to him on such payment. But as the company have sold the same identical hundred shares, as delinquent shares, and realized the sum of $7000 upon them, they have regarded him as a proprietor, a delinquent proprietor, and transferred his shares to other persons ; and they have thereby disabled themselves from transferring the same shares to him. They cannot comply with the terms on their part. It is therefore unnecessary to consider whether there was any such legal obligation, superadded to the statute liability imposed on stockholders, created by such special promise.

The other set of counts found the claim of the company on such statute liability. It is imposed by the statute of Maine (which is the act of incorporation of this company) and by the by-laws made in conformity with it. Sect. 3 of the statute empowers the president and directors to make equal assessments, from time to time, on all shares in said corporation, and directs that " the treasurer shall give notice of all such assessments ; and in case any subscriber or stockholder shall neglect to pay any assessment on his share or shares, for the space of thirty days after such notice is given as shall be prescribed by the by-laws of said corporation, the directors may order the treasurer to sell such share or shares at public auction, after such notice as may be prescribed as aforesaid, to the highest bidder, and the same shall be transferred to the purchaser ; and such delinquent subscriber or stockholder shall be held accountable to the corporation for the balance, if his share or shares shall sell for less than the assessments due thereon, with the interest and costs of sale, and he shall be entitled to the overplus if his share or shares shall sell for more." The by-law, art. 16, does little more than confirm and enforce this power, and direct specifically the mode in which it shall be carried into effect.

The difference, in this case, between the amount of the assessments and the proceeds of the sale, was $3000, with interest and costs ; and the question is, whether, upon the facts, the plaintiffs have entitled themselves to recover upon this ground. To charge the defendant upon this statute

liability, the terms of the statute must be strictly complied with.   They are conditions precedent.

The court are of opinion that these conditions have not been complied with.   1st. Because notice of the sale of the shares was not given by the treasurer, pursuant to an order of the directors, as required by the statute.   The notice, as published, was given by Mr. Degrand, the auctioneer.   He states, in his testimony, that he was directed so to give notice, by the treasurer ; but it does not so appear in the notice itself.   On the contrary, it purports to be given by order of the directors, without any allusion to the order or authority of the treasurer.   This might, perhaps, require some consideration if it stood alone.   2d. But we think a more decisive objection to the regularity and legality of the sale, as a sale of delinquent shares, is, that they were not sold at auction.   This, we think, appears, upon the evidence submitted to the court.

The shares were bid off by John Tibbetts.   Whether he ever intended to be himself a purchaser, or whether he bid them off for the defendant, is perhaps left doubtful upon the evidence ; but after the lapse of several days, he failed to make good his payment, according to his bid ; and the corporation took no measures to enforce the performance of his contract, according to his bid, either by an action, or by a resale of the shares on his account.   The sale at auction was relinquished, the shares were subsequently sold in different parcels to other persons, at private sale, without any other reference to the sale at auction than that of taking the price bid by Tibbetts at the auction sale, as the rate at which they were sold at private sale.   There is nothing indicating that these purchasers came in and took Tibbetts's bid, if that would have been admissible.   There was no privity or communication between them and Tibbetts.   On the contrary, after Tibbetts's bid had been relinquished, the shares were sold by a distinct, original, private contract, to other purchasers.

As the stockholder is only made liable, by the statute and by-law, for the difference between the amount of assessments and the proceeds of a regular sale of the shares at auction

the defendant is not liable for the difference between such as-sessments and the proceeds of a private sale, and therefore the action cannot be maintained on this liability created by statute.

*Plaintiffs nonsuit.*